# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:05CV22-C

| | |
|---|---|
| ANITA J. WILDAUER, )<br>)<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>UNUM LIFE INSURANCE COMPANY )<br>OF AMERICA, )<br>)<br>    Defendant. )<br>)<br>) | **ORDER** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Judicial Assistance to Facilitate Mediation" (document #18) filed August 9, 2005; and the Plaintiff's "Response ..." (document #19) filed August 12, 2005.

On September 13, 2005, the Defendant filed a "Supplement to Defendant's "Motion for Judicial Assistance to Facilitate Mediation" (document #21).

On September 19, 2005, the Plaintiff filed a "Supplemental Response ..." (document #22).

This is an action to recover long-term disability insurance benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"). Relevant to the subject motion, the Plaintiff contends that she is disabled from working by fibromyalgia, chronic fatigue syndrome, exposure to mold, and other related conditions.

On June 1, 2005, the undersigned conducted the Initial Pretrial Conference ("IPC") with the parties' counsel in chambers. The same day, the Court issued an "Order for Mediated Settlement Conference," appointing Kenneth P. Carlson, Jr. as mediator and ordering the parties and their

counsel to attend and conduct the mediation conference no later than September 30, 2005. See document #14 at 1. The Order further requires that "any individual party," that is, the Plaintiff, "shall attend the mediated settlement conference in person." Id. at 2 (emphasis in original).

Sometime thereafter, Mr. Carlson informed counsel that he had a potential conflict on interest in serving as a mediator in this case, and the parties agreed that John T. Daniel would serve as mediator. On August 15, 2005, the Court affirmed the parties' selection of Mr. Daniel. See "Order" (document #20) (substituting Mr. Daniel as mediator).

On July 15, 2005, and through an exchange of email, the parties' counsel agreed to August 22, 2005 as the date for the mediation conference. However, in her email, Plaintiff's counsel indicated that due to her "medical condition," the Plaintiff might not able to attend the conference in person as she had been ordered to do.

On July 18, 2005, defense counsel responded by letter, expressing a willingness to "work with" the Plaintiff and her counsel "to accommodate any physical problems," but requesting "specific information reflecting [Plaintiff's] inability to attend [the mediation] and medical certification regarding same."

On July 20, 2005, Plaintiff's counsel responded by letter that "due to her medical and financial condition [the Plaintiff] has had to move out of state and will be unable to physically attend the mediation," but provided no other information.

Hearing nothing more from the Plaintiff, on August 9, 2005, the Defendant filed its Motion for Judicial Assistance, requesting that the Court compel the Plaintiff's attendance unless she provided sufficient medical documentation of her inability to attend in person.

In her initial Response, filed August 12, 2005, the Plaintiff stated that she "recently" had lost

her home in Charlotte in a foreclosure proceeding, and had moved to St. Louis, Missouri, to live with her parents, and that she would provide information documenting her inability to attend the mediation within five business days.

On August 16, 2005, and after speaking telephonically with chambers' staff who relayed the undersigned's desire that the parties resolve this issue reasonably, the parties' counsel agreed to reschedule the mediation.

On August 24, 2005, the parties agreed to hold the mediation conference on September 27, 2005, but were unable to resolve the conflict concerning the Plaintiff's attendance. The same day, Plaintiff's counsel advised defense counsel by letter that she was "awaiting medical records or a letter from [the Plaintiff's] new doctor in St. Louis" and that if the doctor "believes that she is unable to travel, or that travel will be very difficult for her then I would hope we can agree that she need not attend the mediation."

On August 26, 2005, Plaintiff's counsel faxed to defense counsel a two-sentence letter from John J. DuBois, D.O., a general practitioner, St. Louis, Missouri, that stated the Plaintiff currently resided in a St. Louis suburb, and, tracking the language of Plaintiff's counsel's letter quoted above, that "based on [Plaintiff's] medical history, I feel that it will be very difficult for her to travel to North Carolina."

On September 13, 2005, the Defendant filed its Supplement, re-stating its willingness for the Plaintiff to attend the mediation telephonically "if that were shown to be necessary," but otherwise requesting the Court to compel the Plaintiff's physical attendance.

With her most recent Response, the Plaintiff submits medical records from her former-treating neurologist, T. Hemanth Rao, Charlotte, North Carolina, and from Dr. DuBois. The

3

Plaintiff last saw Dr. Rao on October 14, 2004, and he diagnosed the Plaintiff as suffering Chiari I malformation, autonomic dysfunction with history of chronic weakness, nervous system disorder, pain in the lumbar spine, apraxia, and hypothyroidism. Dr. Rao noted that Plaintiff requested a referral for physical therapy, and that he also referred her to the Chiari Institute, New York, New York, and his treatment note expressly stated that she could travel to New York for evaluation. Dr. Rao instructed the Plaintiff to return to him in three months, that is, sometime in early 2005, but there is no evidence in the record that she ever saw him again, or that she saw any doctor until she saw Dr. Dubois.

Dr. DuBois's records establish that he examined the Plaintiff on August 19, 2005; that Plaintiff stated she had moved to St. Louis "one month ago"; that he diagnosed the Plaintiff as suffering Chiari I malformation, toxic mold poisoning and autonomic nervous system disorder, lumbar spinal stenosis, depression, apraxia, and hypothyroidism; that the Plaintiff reported "recent falls"; and that he referred the Plaintiff to a neurologist, and also recommended that she attend physical and occupational therapy and use a wheelchair in the interim to avoid falling. Plaintiff's counsel informs the Court that Plaintiff has not seen a neurologist in the St. Louis area. Other than Plaintiff's report of having fallen, there is no indication in Dr. DuBois's records that the Plaintiff's condition has worsened since October 2004 when she last saw Dr. Rao, much less since mid-July 2005, when she moved from Charlotte to St. Louis.

In her final brief, the Plaintiff admits that these records do not show that she is unable to travel, but contends that they support Dr. DuBois's opinion that traveling to Charlotte from St. Louis will be "very difficult" for her.

As the Defendant notes, under Local Rule 16.3(C)(2), the party seeking to attend a mediation

4

by telephone has the burden of showing why she should be excused from attending in person. Moreover, the undersigned takes judicial notice that mediation conferences are far more likely to result in a settlement when all decision makers, that is, the parties and their counsel, attend in person. In light of the Plaintiff's failure to provide documentation of an <u>inability</u> to travel, Dr. Rao's belief that the Plaintiff <u>is</u> able to travel out of state, the Plaintiff's manifest ability to travel <u>from</u> Charlotte <u>to</u> St. Louis in mid-July, and the absence of medical documentation that her condition has worsened since then, the Court will compel her to attend the mediation in person, as ordered below.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Unless they reach a full and final settlement prior to this date, the parties and their counsel are directed to attend the mediation conference in Charlotte, North Carolina, at a date and time agreed by the parties and Mr. Daniel, but no later than December 15, 2005, and at a specific location agreed by the parties or otherwise as designated by Mr. Daniel.

2. <u>The Plaintiff, Anita J. Wildauer, is **ORDERED** to be attend the mediation conference **IN PERSON** under pain of otherwise being held in contempt of court and subject to sanctions, including dismissal of the Complaint with prejudice and/or being required to pay the Defendant's attorneys' fees and costs expended in preparing for and attending the mediation conference</u>.

3. The Clerk is directed to send copies of this Order to counsel for the parties; to the court-appointed mediator, John T. Daniel, 216 North McDowell Street, Suite 208, Charlotte, North Carolina, 28204; <u>and to the Honorable Robert J. Conrad, Jr.</u>

4. Plaintiff's counsel is directed to serve a copy of this Order on the Plaintiff by first-class mail.

**SO ORDERED.**

**Signed: September 20, 2005**

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge